IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMAL BENNETT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2: 13-cv-00314 |
| v. ) | |
| ) | Magistrate Judge Cynthia Reed Eddy |
| J. WETZEL, Secretary of Corrections, *et al*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Jamal Bennett ("Plaintiff") is an inmate currently incarcerated at the State Correctional Institution at Dallas ("SCI-Dallas"), in Dallas, Pennsylvania. Plaintiff brings this lawsuit pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 *et seq.*, against the Secretary of Corrections and several Pennsylvania Department of Corrections ("DOC") officials and employees at the State Correctional Institution at Greensburg ("SCI-Greensburg") with respect to the conditions of his confinement at SCI-Greensburg. This lawsuit was initiated by the receipt of the initial complaint, without filing fee or motion for leave to proceed *in forma pauperis* ("IFP") on March 4, 2013. (ECF No. 1). On March 6, 2013, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis, which was granted by the Court on March 14, 2013. (ECF No. 8).

Currently before the Court is Plaintiff's Motion for Preliminary Injunction and Protective Order. (ECF No. 13). Plaintiff appears to be requesting that he not be staffed for parole at SCI-Greensburg and that he be transferred to another State Correctional Institution so that he can enroll in a program prior to his asserted parole release date in July of 2013. Plaintiff also appears to be asserting that he will suffer immediate and irreparable injury if he is not reparoled in July of 2013.

1

Defendants have filed a Response to the Motion for Preliminary Injunction (ECF No. 27) and the matter is ripe for disposition.

"[T]he grant of injunctive relief is an 'extraordinary remedy which should be granted only in limited circumstances.'" AT&T v. Winback & Conserve Program, Inc., 42 F.3d 1421, 1426-27 (3d Cir.1994) (quoting Frank's GMC Truck Center, Inc. v. General Motors Corp., 847 F.2d 100, 102 (3d Cir.1988)). A party seeking a preliminary injunction must show: "'(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.'" Ball v. Beard, 396 F.App'x 826, 827 (3d Cir. 2010) (quoting Kos Pharm., Inc. v. Andrx Corp, 369 F.3d 700, 708 (3d Cir. 2004)). Additionally, "a showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of immediate irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted). "In order to support a preliminary injunction, plaintiff must show both a likelihood of success on the merits and a probability of irreparable harm." Id. at 90-91.

The record indicates that Plaintiff was transferred from SCI-Greensburg to SCI-Dallas on or about April 11, 2013. (ECF No. 26 at 3).[1] Plaintiff's transfer from SCI-Greensburg to SCI-Dallas has mooted his motion and said motion will be denied as such.[2]

---

[1] Although Plaintiff has not officially informed the Court of his current address, the Court takes judicial notice that the Pennsylvania Department of Corrections' website reflects that Plaintiff is currently incarcerated at SCI-Dallas and that SCI-Dallas is his "permanent location." Moreover, the return address on the envelope containing Plaintiff's most recent correspondence to the Court, dated May 20, 2013 (ECF No. 28), listed SCI-Dallas as Plaintiff's address. Plaintiff is reminded that he must keep the Court advised of his current address at all times throughout this litigation. Specifically, Plaintiff must notify the Court in writing as to any and all address changes, including all temporary transfers to another jail or prison or other facility. Plaintiff's failure to do so may result in dismissal of this action.

The Court also finds to be without merit Plaintiff's assertion that he will suffer immediate, irreparable injury if he is not reparoled in July of 2013. A prisoner "has no entitlement to re-parole under the U.S. Constitution or Pennsylvania state law, regardless of how he behaved or what programs he completed while incarcerated." *Oliver v. Federal Bureau of Prisons*, 2010 WL 5140578,*7 (W.D. Pa. 2010); *see also Abrams v. Pennsylvania Bd. of Probation and Parole*, 935 A.2d 604, 606 (Pa. Commw. Ct. 2007) (finding that period of backtime, "simply establishes a new parole eligibility date for the parolee; it does not entitle him to release after that period of time. Upon completion of this period of backtime, the parolee has the right to again apply for parole and have his application considered by the Board.")

For all of the reasons stated above, the Motion for Preliminary Injunction and Protective Order is **DENIED**.

So **ORDERED** this 23rd day of May, 2013.

*[signature]*
CYNTHIA REED EDDY
UNITED STATES MAGISTRATE JUDGE

cc:  JAMAL BENNETT
ED9008
SCI Dallas
1000 Follies Road
Dallas, PA 18612

---

[2] His transfer also precludes him from demonstrating a likelihood of immediate, irreparable harm.

3